## Rose v. Martin et al.

May 3, 1949.

194

Cleon K. Calvert, Murray L. Brown and Lewis & Weaver for appellant.

H. H. Owens, Willie Rice and John D. White for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming in part, reversing in part.

Appellees are the owners of the surface of a tract of land, containing twenty-nine and one-half acres, situate in Clay County, and fronting on State Highway No. 21. Previous to their acquisition of this property the mineral rights had been severed and by mesne conveyances were acquired by P. C. Wilson. Adjacent to this tract is another boundary, containing three hundred sixteen acres, the mineral rights in which likewise are owned by Wilson. On the 3rd day of July, 1945, Wilson entered into a lease contract with appellant whereby the latter was given the privilege of mining coal underlying

both tracts. Appellee acquired the title to the surface of the twenty-nine and one-half acres approximately six months thereafter. At that time and at the time of the execution of the lease contract, the surface title to each of the tracts was burdened to the extent that the owner of the minerals had the right to use timber necessary for mining purposes standing on the particular tract, and the further right to build tipples, barns, and other necessary buildings; to construct and maintain slate dumps for the disposition of dirt, rock, and other debris or refuge from mining operations; to open driftmouths, air shafts, fan air courses, pump holes, and power lines; to excavate ditches; and to build roads to transport to the market the coal lying within the particular boundary. Wilson obtained title to the minerals underlying the two tracts by deed from Chester Robinson who, in turn, held title to the two tracts through distinct and different chains. Neither of the deeds, either immediate or remote, under which Robinson held, purports to burden the surface of either of the tracts with a use for the benefit of the other; although it appears from the record that it is necessary to cross the twenty-nine and one-half acre tract to market the coal mined from under the three hundred sixteen acre boundary. Under his contract of lease appellant opened mines, built tipples, a dwelling house, and various other structures incident to proper operation of a mine on the twenty-nine and one-half acre tract, and built tunnels thereunder which he has extended to and under the three hundred sixteen acre tract. At the time of the trial practically all of the coal had been removed from under the twenty-nine and one-half acre tract, and appellant was engaged in mining coal under the larger tract bringing it out through the opening on, and hauling it to the highway over the surface of, the smaller tract. In this operation he is using all of the surface structures erected on the twenty-nine and one-half acre boundary.

Upon discovering this fact, appellees instituted this action for trespass, seeking damages in the sum of $1,-000 which allegedly had accrued at the time of the filing of the action. They likewise prayed judgment for any damage in the future to be incurred by them from the continuation of such use, to be calculated at the rate of two cents per ton for each ton mined under the three

hundred sixteen acre tract and hauled to the highway over the surface of the twenty-nine and one-half acre tract. By amended petition, appellees prayed for an injunction prohibiting appellant from using their property to remove any coal mined under the adjacent tract. By a second amended petition, they adopted the allegations of the original and amended petitions and re-asserted their right to damages accrued at the time of the filing of the original petition, and to the injunction for which they prayed in the first amended petition. The jury awarded appellees damages in the sum of $250 whereupon, and before judgment was entered, appellees again moved the Court to grant the injunction prayed for. The Court overruled this motion and entered judgment, for which execution might issue, for the sum of $250, and decreed: That although appellant "has no right, legal or equitable, to use the property of plaintiffs, nor the roads, buildings or the surface of any portion of the lands in any way in the removal of coal from any lands other than the coal under the twenty-nine and one-half acre boundary,* * *

"In lieu of granting the said permanent injunction the Court grants to defendant the right to continue his operation on the following terms:

"* * * the defendant shall place in the First National Bank of Manchester, Kentucky, every two weeks such sums as two cents multiplied by the number of tons of coal so removed under the Martin property and taken from the Sampson (316 acres) boundary, said sums to be held in escrow by the cashier of the said bank subject to the orders of the Court in this case."

Appellant contends that because Wilson, under whom he held, owned the mineral rights under both tracts, Wilson, in turn, had the right to and did grant him the privilege of removing the coal from the three hundred sixteen acre tract over the surface of the twenty-nine and one-half acre tract. This contention scarcely merits discussion. Wilson could convey no more right to the use of the surface of appellees' lands than he had, and his rights were limited to the use of the surface of each tract for the removal of the coal solely within its boundary. The Chancellor therefore correctly held that appellant has no right to use the property of the plain-

tiff for the removal of any coal except that within the twenty-nine and one-half acre boundary. But it follows that, since he correctly decided that such was the case, he erroneously overruled appellees' motion for an injunction. Had he gone no further than entering an order overruling the injunction, we would be without power to correct the error because no cross-appeal has been perfected by appellees. But, although he declared that appellant had no legal or equitable right to use plaintiff's property for the removal of coal from the three hundred sixteen acre boundary, nevertheless, he granted him that right and decreed that, in the exercise of such right, appellant should pay (for the ultimate benefit of appellees) the sum of two cents per ton for all coal mined under the adjacent tract and transported over the tract owned by appellees. Thus, the Chancellor, in effect, made a contract for the parties and attempted to enforce it, and by the enforcement of it compelled appellees to subject their property to a use to which he declared in the same judgment the property was not subject. It is true that appellees, by their original petition, did not seek to prohibit the operation in the future, they merely asked to be awarded continuing damages to be fixed in the future. But being inconsistent with the amended petition they withdrew this part of the prayer of their original petition. Therefore they were entitled to have the injunction granted under the pleadings and the proof, but they were not entitled to have the Court make a contract with their adversary which inured to their benefit.

Appellant next complains that the Court erred in instructing the jury as to the measure of damages. It is his contention that the measure of damage for the taking of land is proper in this case because it is in effect the permanent taking of land within the meaning of Section 242 of the Constitution. But the damage to the land in this action is of a temporary nature and falls within the rule expressed in Carmichael v. Old Straight Creek Coal Corporation et al., 232 Ky. 133, 22 S. W. 2d 572.

Finally, appellant argues that since the driftmouth, buildings, and tunnels had been constructed, and the mine was in full operation at the time appellees purchased the surface, their deed was champertous as to the easement then being used. Assuming, arguendo, but

not deciding, that an easement is such an interest in real property as to render the conveyance of the servient estate to be champertous under any circumstances, the stipulated facts of this case show that the possession relied on is not such as would ripen into title at the expiration of fifteen years. It was stipulated that at the time appellees purchased the property, they assumed, and we think reasonably so, that the coal being brought out of the mine through the driftmouth located on the twenty-nine and one-half acre tract was confined to that produced within the boundary of the twenty-nine and one-half acres. Hence, appellee did not have actual knowledge that the easement was being used in a manner servient to the mining rights in the three hundred and sixteen acre tract leased to appellant. Neither was such use so open, notorious, or visible as to raise a presumption of notice that it was being so used or was being used with a purpose to claim title adverse to appellant or his predecessors in title. In George T. Stagg Co. v. Frankfort Modes Glass Works, 175 Ky. 330, 194 S. W. 333, 336 the Court cited with approval Pierce v. Barney, 209 Pa. 132, 58 A. 152, and Delaware, & H. Canal Co. v. Hughes, 183 Pa. 66, 38 A. 568, 38 L. R. A. 826, 63 Am. St. Rep. 743, in each of which cases the Court held that one who secretly enters on coal through an opening in land other than that in which the coal is situated cannot obtain title to the coal by adverse possession even by continuous mining. The Court went on to say that the character of possession necessary to convey knowledge to the owner of the hostile claim against him in the absence of actual knowledge, must be open, notorious, and visible and with a claim of right. We are in accord with this rule, and the converse of it, viz., one who secretly enters on coal through an opening in land other than that in which the coal is situated cannot claim an easement in the servient estate by claim of adverse possession. Since the claim of champerty must be based on a showing of adverse possession which would ripen into title at the expiration of fifteen years this contention of appellant's must be rejected.

For the reasons stated the judgment for injury to appellees' land to the time of the filing of the petition herein is affirmed; but to the extent that it expressly grants appellant the right to continue to trespass on

appellees' property upon payment of the consideration expressed in the judgment, it is reversed and remanded for entry of a judgment not inconsistent with this opinion.

Affirmed in part, reversed in part.